UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WOODWARD HARBOR L.L.C. ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-5824 |
| CITY OF MANDEVILLE, ET AL. | SECTION "O" |

**DECLARATION PURSUANT TO 28 U.S.C. § 1746 OF JOHN R. WALKER**

Pursuant to 28 U.S.C. § 1746, I, John R. Walker, make the following Declaration and were I called to testify as a witness I would testify as follows:

1. My name is John R. Walker.

2. I am an attorney licensed in the State of Louisiana and am a partner at the Jones Fussell, LLP law firm located in Covington, Louisiana.

3. I have practiced law since 1983 and my current practice includes aviation accidents, insurance, product liability, employment, construction and real estate disputes, representing both plaintiffs and defendants.

4. I am enrolled as co-counsel for plaintiff LSU Health Foundation New Orleans in the above-captioned matter.

5. I submit this Declaration pursuant to 28 U.S.C. § 1746 in connection with and in response to this Court's *Order to Show Cause* [R. Doc. 103] entered on February 5, 2026 in the above-captioned matter.

6. The Complaint in this matter was originally filed by the Riess LeMieux law firm on behalf of both Woodward Harbor LLC and LSU Health Foundation, LLC against the City of Mandeville and Jason Zuckerman on October 5, 2023.

7. On December 1, 2023 the City of Mandeville filed a Motion to Dismiss pursuant to

**EXHIBIT I**          1

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8. On February 19, 2025 myself and my partner Thomas H. Huval were substituted as counsel of record for LSU Health Foundation New Orleans while Michael R. C. Riess and Johanna Elizabeth Lambert remained counsel for Woodward Harbor, LLC.

9. On March 31, 2025 the City of Mandeville's Motion to Dismiss was granted except for the Plaintiffs' claims for violation of the Equal Protection Clause.

10. On May 15, 2025 the City of Mandeville filed a second Rule 12(b)(6) Motion seeking dismissal of the remaining claim of violation of the Equal Protection Clause.

11. On June 3, 2025 I filed the *Joint Opposition to Second Motion to Dismiss Filed by the City of Mandeville* on behalf of both Woodward Harbor, LLC and LSU Health Foundation, New Orleans. [R. Doc. 97]

12. I was responsible for preparing the *Joint Opposition to Second Motion to Dismiss.*

13. In preparing the *Joint Opposition*, I used AI tools to assist me, in particular WESTLAW Precision AI and ChatGPT.

14. When using AI to assist me in writing the *Joint Opposition*, I was new to using these tools and did not appreciate the limitations of and potential pitfalls in using such tools, including the risk that ChatGPT would "hallucinate" and generate fabricated case citations, provide inaccurate or misleading holdings, or would generate quotations where none existed in reported cases.

15. Although copies of the draft *Joint Opposition* were circulated to my partner and co-counsel for plaintiff LSU Health Foundation New Orleans, Thomas H. Huval, he was on a trip to the Grand Canyon and lacked cellular telephone service or internet access when drafts of the *Joint Opposition* were circulated and had no opportunity to review those drafts or weigh in on the content

of the *Joint Opposition*. I had no expectation that Mr. Huval could or would review the draft of the *Joint Opposition*.

16. And while counsel for Woodward Harbor, LLC, Michael R. C. Riess and Johanna Elizabeth Lambert. were copied on drafts of the *Joint Opposition*, I understood the responsibility of verifying the accuracy of the citations rested solely with me.

17. To that end, I only sought input from Mr. Riess and Ms. Lambert as to formatting and structuring the *Joint Opposition*, and I had no expectation they would double-check my case citations or the accuracy of the statements of law I had set forth in the *Joint Opposition*.

18. Defendant The City of Mandeville filed its *Reply Memorandum* [R. Doc. 99] on June 6, 2025. On that date, I underwent an L4-S1 lumbar fusion surgery at Cypress Pointe Hospital in Hammond, Louisiana, and failed to note defendant counsel's comments regarding the errors my filed *Joint Opposition* contained.

19. At the time of filing of the *Joint Opposition*, I held a good faith belief that it accurately set forth the law applicable to the case and had I no intent to mislead the Court or counsel for the defendants in any respect.

20. I acknowledge, however, that my good faith belief does not excuse my failing to check all case citations, holdings, and quotations before the *Joint Opposition* was filed with the Court as Rule 11 of the Federal Rules of Civil Procedure requires.

21. I recognize that I failed in my duties to understand sufficiently AI technology so I could use it effectively.

22. This is my forty-third year of practicing law, and I have not been the subject of a claim of ethical misconduct nor sanctioned by any court, nor has any party made a claim for sanctions against me. Nevertheless, I recognize and accept that this incident would not have

occurred if I done what I was obligated and supposed to do. I am solely responsible for the AI issues found in the *Joint Opposition*.

23. Since the Court's *Order to Show Cause* brought this issue to my attention, I have carefully read the ABA's Formal Opinion 512 (July 29, 2024), regarding an attorney's use of "Generative Artificial Intelligence Tools," and I will not rely on generative AI tools to generate legal authorities or citations without independently locating each case or statute, verifying each citation is accurate and exists, verifying all quotations are verbatim, confirm that the authority is good law, and ensure that the authority actually supports the proposition it is cited for.

24. If I were to employ AI technology in the future when representing a client, I understand that I will continue to be bound by Federal Rule of Civil Procedure 11 and will review and verify the accuracy of any computer-generated content to ensure all applicable professional standards are met.

25. I sincerely apologize to the Court and to counsel for all parties for the problems I created by filing a brief with false AI generated content and pledge there will never be a reoccurrence.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 12th day of February 2026 at Covington, Louisiana.

_____
JOHN R. WALKER