# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

**WOODWARD HARBOR, L.L.C., ET AL.**                **CIVIL ACTION NO. 23-cv-05824**

**VERSUS**                                                        **JUDGE BRANDON S. LONG**

**CITY OF MANDEVILLE, ET AL.**                              **SECTION "O"**

## DECLARATION OF DANE S. CIOLINO

1. I am over the age of eighteen (18) years and am competent to testify to the matters set forth herein based upon my personal knowledge, education, training, and experience. My curriculum vitae is attached as Exhibit 1.

2. I currently serve as the Alvin R. Christovich Distinguished Professor of Law at Loyola University New Orleans School of Law. I graduated *cum laude* from Rhodes College in 1985, and *magna cum laude* from Tulane Law School in 1988, where I was inducted into Order of the Coif and served as Editor in Chief of the *Tulane Law Review*.

3. Following law school graduation, I was employed as a law clerk for the United States District Court, Eastern District of Louisiana, and then as a lawyer with Cravath, Swaine & Moore, L.L.P., in New York City, and Stone Pigman Walther Wittmann, L.L.C., in New Orleans.

4. Since joining the full-time faculty at Loyola in 1995, my teaching, scholarship, community-service, and practice interests have included legal and judicial ethics. Among other courses, I teach "The Legal Profession," and "Legal Ethics Seminar."

5. I am the editor of a book published in several editions by the Louisiana State Bar Association entitled Louisiana Professional Responsibility Law and Practice, and the successor to that book, a weblog and e-book entitled Louisiana Legal Ethics. I am the editor and annotator of the book entitled Louisiana Legal Ethics: Standards and Commentary (2023).

6. I have served as Reporter for the Louisiana State Bar Association Ethics 2000 Committee, as a member of the Louisiana State Bar Association Board of Governors, the Louisiana State Bar Association Committee on Lawyer Conduct, the Louisiana State Bar Association Ethics Advisory Service Committee, and the Louisiana State Bar Association Professionalism Committee.

7. I have served as a hearing committee chairperson of the Louisiana Attorney Disciplinary Board, and as chairperson of the Lawyer Disciplinary Committee for the United States

**EXHIBIT**

**1**

District Court for the Eastern District of Louisiana. I currently serve as General Counsel and Executive Administrator to the City of New Orleans Ethics Review Board.

8.  I engage in the part-time practice of law, with a concentration on the ethics laws governing lawyers, judges, and public servants. I am a member in good standing and admitted to practice before the United States Supreme Court, Louisiana state courts, New York state courts, and various federal courts situated in Louisiana and New York.

9.  I have served as an expert witness in numerous matters on the issues of the standards of care and conduct governing lawyers, and the reasonableness of legal fees and costs.

## CASE BACKGROUND

10. I have been retained by Michael R.C. Riess and Johanna Elizabeth Lambert as an expert witness in the field of the standards of care and conduct governing lawyers practicing in the United States District Court for the Eastern District of Louisiana.

11. Mr. Riess and Ms. Lambert have provided the following summary of the relevant facts and procedural history. I base my opinions in this matter on this summary.

12. This matter arises out of a zoning dispute between Woodward Harbor L.L.C. and LSU Health Foundation New Orleans ("Plaintiffs"), and Defendants, City of Mandeville and Jason Zuckerman, individually ("Zuckerman"). On August 8, 2022, Woodward Harbor, on behalf of LSU Health Foundation, submitted an Application for Planned District and Conditional Use Approval ("Application") for a mixed-use development project called "Sucette Harbor."

13. The City of Mandeville Planning and Zoning Commission ("Planning and Zoning Commission" or "Commission") conducted six (6) public hearings for the proposed Sucette Harbor project and at the April 17, 2023, meeting, the Commission recommended approval of the Plaintiffs' Application and reported its recommendations to the Mandeville City Council. After receiving the recommendations from the Commission, from May 11, 2023, until September 5, 2023, the City Council held nine (9) public hearings on whether to approve Ordinance 23-16, the proposed ordinance that would implement the Plaintiffs' Application for a conditional use permit.

14. The Sucette Harbor development plan met all requirements of the Comprehensive Land Use Regulations Ordinance ("CLURO") with appropriate departures allowed by the CLURO deviations. Nevertheless, on September 5, 2023, the City Council, after heavily amending Ordinance 23-16, unanimously (5-0) denied approval of the Ordinance, and thus killed the Development for reasons Plaintiffs' asserted were outside the proper and legally authorized procedural safeguards contained in the City's Charter, state statutes, local ordinances, and the Louisiana and U.S. Constitutions.

15. Plaintiffs filed suit on October 2023, asserting the City and Zuckerman acted unconstitutionally, violated the provisions of Mandeville's Charter, and denied the Plaintiffs their Due Process and Equal Protection rights by preventing the council from considering a downscaled plan on the basis of an erroneous reading of Robert's Rules of

Order. It was alleged the Defendants also violated the Equal Protection Clause contained in the Fourteenth Amendment of the U.S. Constitution by ignoring local laws on zoning and applying its zoning maps in an illegal, biased, and arbitrary and capricious manner with regards to the Plaintiffs' Application. The Plaintiffs alleged they were treated differently than neighboring property owners with land zoned PD. Plaintiffs also asserted the CLURO was unconstitutionally vague and the City continuously violated the procedural and substantive Due Process rights of applicants and landowners, such as the Plaintiffs.

16. As it relates to Mr. Zukerman, individually, Plaintiffs alleged he interposed his own personal opinions contrary to the CLURO and failed to adhere to clearly established standards, including those set out in the CLURO and including the interpretive information furnished by the Planning Director. Accordingly, Plaintiffs alleged Mr. Zuckerman was not entitled to qualified immunity from liability under 42 U.S.C. § 1983.

17. Plaintiffs sought a Declaratory Judgment that the Sucette Harbor development plans as initially attached to their Application and as approved by the Planning and Zoning Commission are appropriate and allowable under Mandeville's laws, including Article 7.5.15 of the CLURO. Alternatively, Plaintiffs sought a Declaratory Judgment that the City of Mandeville violated Louisiana Open Meetings Laws, that the review process violated the procedural component of the Due Process Clause contained in the Fourteenth Amendment of the U.S. Constitution, that Defendant Zuckerman improperly calculated density for the subject project contrary to the Comprehensive Plan and the CLURO, and that the CLURO itself was unconstitutionally overbroad, vague, and ambiguous, especially as applied to the Plaintiffs' project and to property zoned Planned District.

18. Plaintiffs also asserted the following claims:

- Inverse condemnation claims under the United States Constitution, Amendments V and XIV;

- Unconstitutional taking under the Louisiana Constitution and State Law;

- Substantive due process claim for denying the proposed project;

- Denial of procedural due process;

- Denial of equal protection; and

- 42 U.S.C. § 1983 Claims against Defendants, including Jason Zuckerman in his individual capacity.

19. At the time the Opposition at issue was filed, Zuckerman had been dismissed and the only remaining claims before the Court against the City of Mandeville were for declaratory judgment and Equal Protection under 1983.

20. Riess LeMieux's working relationship with Jones Fussell and its attorneys goes back decades, specifically on land use, zoning, and development in St. Tammany Parish. Jones

Fussell is well known to Riess LeMieux and the legal community as the preeminent firm on the Northshore for land use, zoning, and development. According to its website, Jones Fussell is "considered the "go-to" group to procure regulatory approval and/or entitlement from a local governmental body in connection with proposed land use and development." *See* https://www.jonesfussell.com/real-estate-and-land-use. Jones Fussell and Riess LeMieux share mutual clients who are landowners and developers in St. Tammany, and have coordinated and worked together on development deals and permitting issues on several occasions in the past.

21. As it relates to the specific attorneys working on the case, Tom Huval was an associate at House, Kingsmill, Riess (predecessor to Riess LeMieux) and worked closely with Michael Riess for appx. 6-7 years in the 1990's. While at Jones Fussell, on numerous occasions, Tom Huval and Michael Riess coordinated the representation of their respective clients in matters where they represented co-defendants and as co-counsel. Further, John Walker successfully represented a Riess LeMieux partner's family in a contentious land use dispute involving injunctive relief in St. Tammany known as "Favrotville."

22. When the litigation was initiated in October 2023, Riess LeMieux represented both Woodward and the LSU Foundation under a Common Interest and Joint Prosecution Agreement. Riess LeMieux, along with input from counsel for Woodward who represented it during the permitting process, drafted all pleadings, including the Complaint, three Opposition Memoranda, and an Opposition to a Supplemental Memorandum. Rec. Docs. 1, 28, 30, 35, 44.

23. On December 20, 2024, this Honorable Court issued an Order for a telephone status conference where Michael Riess and Liz Lambert represented both Woodward and LSU Foundation. Rec. Doc. 46. After the conference, an Order was issued for the parties to contact Magistrate Judge Dossier "for the purpose of scheduling a settlement conference that should occur in February 2025." Rec. Doc. 47.

24. In February 2025, it was decided that the LSU Foundation should be represented by separate counsel. Thus, on February 19, 2025, LSU Foundation filed a Motion to Substitute Counsel, enrolling John R. Walker and Thomas H. Huval of the firm of Jones Fussell, L.L.P. and substituting Michael R.C. Riess and Johanna Elizabeth Lambert of Riess LeMieux. Rec. Doc. 50. This Motion was granted on the same day. Rec. Doc. 52. The settlement conference was held in front of Magistrate Judge Dossier on February 24, 2025, but the parties were unable to reach resolution. Rec. Doc. 58.

25. Because Woodward and Riess LeMieux took lead on early motion practice on behalf of both plaintiffs, the parties decided that Jones Fussell and the LSU Foundation would take the lead on drafting pleadings and arguing future motions. Riess LeMieux's role was limited by agreement of the clients to reviewing Jones Fussell's work at a high level for form and argument structure. Considering Riess LeMieux's relationship with Jones Fussell and its expertise in the area of law, Riess LeMieux had no concern regarding the capabilities of Jones Fussell. Further, there was no discussion that AI would be used to draft pleadings.

4

26. As agreed, Jones Fussell took lead in drafting a Joint Opposition and Joint Supplemental Memorandum regarding the Intervention. Rec. Docs. 67 and 72. Jones Fussell also drafted a Joint Opposition to a Motion for Attorneys Fees, a Joint Opposition to a Motion for Extension of Time, and the pleading at issue, the Joint Opposition to the City of Mandeville's Second Motion to Dismiss. Rec. Doc. 78, 96, and 97. For all Joint Motions, as agreed to by Woodward and the LSU Foundation and understood by the law firms, Riess LeMieux engaged in its role to review and comment at a high level on form and argument structure.

27. As it relates to the pleading at issue, the Joint Opposition to the City of Mandeville's Second Motion to Dismiss, Riess LeMieux received the first draft on June 2, 2025, with a submission date of June 3.

28. On June 3, Liz Lambert read the City of Mandeville's Motion, then reviewed the draft Opposition at a high level for form and argument structure. Reviewing the pleadings side by side, it was visibly apparent that a proposed section entitled "C. The City Relies on Distinguishable Case Law" contained 4 cases not in the City of Mandeville's Motion. However, 2 cases were cited - Couf was cited once and Lindquist was cited 7 times.

29. Moreover, when Liz Lambert notified John Walker of the errors in the Motion as seen below, the response was "Yikes good catch. I owe you lunch."

30. After Liz Lambert's review, Michael Riess conducted a high-level review of the final draft before filing.

31. Considering Jones Fussell's experience with zoning, land use, and development, the reaction was that the section that contained the cases that were not cited by the City was copied and pasted from another opposition to a 12(b) motion where Jones Fussell represented a landowner or developer against a public entity as the issues before the court were not novel.

32. Again, the use of AI on the pleading was not disclosed to Riess LeMieux, even though John Walker could have done so prior to filing. In fact, Riess LeMieux was not aware of the use of AI until this Honorable Court's Order. Considering Riess LeMieux's understood role to review and comment at a high-level, its lack of knowledge regarding AI, and its faith in Jones Fussell's knowledge on the subject matter, the issues raised by this Honorable Court were not apparent in the Opposition. To be clear, had it been disclosed to Riess LeMieux that AI was used in drafting the Opposition, Riess LeMieux would not have joined in the pleading. Rather, Riess LeMieux would have submitted its independent pleading without the use of AI.

33. When the City of Mandeville's Reply was filed, Riess LeMieux had no knowledge AI was used in the Opposition. Certainly, Riess LeMieux deeply regrets its decision to rely on Jones Fussell and as noted below has implemented steps to make certain that such a failure never happens again. Riess LeMieux believed in the strength of the team and there was no reason to believe otherwise.

34. At the time the Opposition and Reply were filed, as a firm, Riess LeMieux was not using AI. As an example, after a software update an AI component was added to Microsoft Teams for recording and transcription, which Riess LeMieux notified all employees to disable to maintain privilege and ensure client information was not accessible to third parties or an "open" AI system.

35. Beginning in 2025, firm use of AI and how to implement it safely has been a standing topic discussed at partner meetings. In October 2025, Joel Hron, Chief Technology Officer at Thompson Reuters, presented to the Riess LeMieux partners on how to use Westlaw AI for research and drafting. Riess LeMieux partners were also trained on how to use Microsoft Co-Pilot. After research on what AI products to use and training on how to use them, Riess LeMieux currently allows certain attorneys to use with Westlaw Co-Counsel, Westlaw Deep Research, and Microsoft Co-Pilot to better understand its capabilities, limitations, and how to effectively use these tools in its practice.

36. Riess LeMieux also has an AI policy, in draft form, that will be implemented in the next 4-6 weeks. Importantly, Riess LeMieux's policy will now include a provision for documents drafted by co-counsel, certifications for primary drafters, and a process for review to confirm accuracy to ensure a similar situation does not happen again.

37. Riess LeMieux understands the significance of this Honorable Court's Order. Immediately upon receiving it, Riess LeMieux conferred with Jones Fussell – first with Tom Huval, who did not draft the pleading and could not provide any insight regarding whether AI was used, and then with both Tom Huval and John Walker. It was during the second conversation that John Walker admitted for the first time, he used AI to draft the Opposition.

38. Thereafter, Liz Lambert sent an email to all attorneys informing them that her and Michael Riess have been ordered to show cause for use of AI in pleadings, provided the facts, and cautioned the attorneys to be diligent with working with co-counsel or making any joint filings.

39. Further, Riess LeMieux will conduct mandatory training for all its attorneys on Rule 11 and use of AI in research and drafting in the next 60 to 90 days.

40. Riess LeMieux has also engaged in a detailed review of the contents of the Opposition in light of the Court's Order, and agree with the Court. Riess LeMieux's judgment was blinded by its limited role and reliance on Jones Fussell based on prior dealings and its reputation and knowledge of the issues before the Court.

41. Both Michael and Liz take their duties as officers of the Court seriously. Michael has practiced law for 43 years handling contentious complex, multi-party litigation and has never been sanctioned at the state or federal level, or been the subject of a disciplinary action before any court or disciplinary agency. Liz has practiced law for 15 years as a civil litigator and likewise has never been sanctioned at the state or federal level, or been the subject of a disciplinary action before any court or disciplinary agency. The issues before

the Court are not indicative of who Michael Riess and Liz Lambert are as attorneys, or how they practice.

## LEGAL STANDARDS FOR FILING MERITORIOUS PLEADINGS

32. Under Federal Rule of Civil Procedure 11, a lawyer who signs a motion certifies, among other things, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the "defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* Fed. R. Civ. P. 11.

33. The Federal Rules Advisory Committee has noted that

> what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

*See* Notes of Advisory Committee on Rules—1983 Amendment. Further, the committee has noted that the person signing a document has a "nondelegable responsibility to the court." *See* Notes of Advisory Committee on Rules—1993 Amendment.

34. Courts measure a lawyer's compliance with Rule 11 using an objective standard of "reasonableness under the circumstances." *See, e.g.*, *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir. 2007); *Cordova v. University Hospitals & Clinics, Inc.*, 92 F.4th 266, 273 (5th 2024) ("An attorney's conduct is judged under an objective standard of reasonableness governed by the "snapshot" rule, which focuses on the "the instant the attorney affixes his signature to the document.") (citations omitted).

35. In addition, lawyers practicing in the Eastern District must conform their conduct to the Louisiana Rules of Professional Responsibility. *See* Eastern District Local Rule 83.2.3 ("This court hereby adopts the Rules of Professional Conduct of the Louisiana State Bar Association, except as otherwise provided by a specific rule or general order of a court.").

36. The Louisiana Rules of Professional Conduct require lawyers to provide "competent representation" by employing the preparation "reasonably necessary for the representation." *See* La. Rules of Prof'l Cond. r. 1.1(a). They permit lawyers to "limit the scope of the representation if the limitation is reasonable under the circumstances, and the client gives informed consent." *Id.* r. 1.2(c). They prohibit lawyers from controverting an issue unless there is a basis in law "that is not frivolous." *Id.* r. 3.1. They prohibit a lawyer from "knowingly" making a "false statement of fact or law to a tribunal." *Id.* r. 3.3(a)(1). They require a lawyer "having direct supervisory authority over another lawyer" to make "reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional

7

Conduct." *Id.* r. 5.1(a). And they prohibit a lawyer from engaging in "conduct that is prejudicial to the administration of justice." *Id.* r. 8.4(d).

37. Considered together, the applicable standards of conduct required Mr. Riess and Ms. Lambert to exercise reasonable care under the circumstances of their limited-scope representation as to the Joint Opposition to the Motion to Dismiss prepared by co-counsel.

## OPINIONS

38. Obviously, it is the responsibility of the Court—not an expert witness—to evaluate the reasonableness of the conduct at issue. However, the Court may find the following opinions helpful in making that reasonableness determination.

39. First, Mr. Riess and Ms. Lambert undertook a reasonable limited-scope representation of their client in connection with court filings in the *Woodward Harbor* matter. The applicable standards of conduct permit such a limited scope representation when it is both "reasonable under the circumstances" and undertaken with "informed" client consent. *See* La. Rules of Prof'l Cond. r. 1.2(c). It is common practice in the Eastern District and elsewhere, for lawyers to limit the scope of representations by dividing responsibility for tasks among co-counsel. Lawyers and their clients do this for various reasons, including to allow co-counsel with particular expertise in the relevant area to "take the lead"; to allow co-counsel with more time and availability to take principal responsibility for drafting; and to allow their joint or aligned clients to reduce legal fees. Here, the *Woodward Harbor* plaintiffs provided their informed consent to Jones Fussell taking the lead on motion practice and to Mr. Riess and Ms. Lambert performing only higher-level reviews of draft filings. While this did not absolve Riess and Lambert of their obligations under Rule 11, it nonetheless was reasonable for them not to check and Shepardize each of the cites in the offending memorandum.

40. Second, Mr. Riess and Ms. Lambert relied upon co-counsel to prepare the offending memorandum. While this did not effect a delegation of their Rule 11 obligations (nothing can), the Advisory Committee has expressly noted that dependence on "another member of the bar" is a factor bearing on the reasonableness of a lawyer's conduct. Here, the co-counsel upon whom Mr. Riess and Ms. Lambert relied were well known to them to be competent and diligent lawyers experienced in the pertinent area of law. Thus, unlike lawyers in reported cases who have unreasonably relied on inexperienced lawyers and law clerks,[1] Riess and Lambert reasonably relied on co-counsel who were subject-matter experts, well-known to them, and very experienced.

41. Third, Mr. Riess and Ms. Lambert received a draft of the offending memorandum from co-counsel one day before it was due to be filed. While this short period of time allowed for a high-level review, it likely would not have been adequate time to conduct a comprehensive cite check and Sherpardization of the authorities cited in the offending memorandum. While this time limitation did not relieve them of their Rule 11 obligations (nothing can),

---

[1] *See Lifetime Well, LLC v. IBSPOT.COM, Inc.*, 2026 WL 195644 *3 (E.D. Pa. Jan. 26, 2026).

the Advisory Committee has expressly noted that "how much time for investigation was available to the signer" is a factor bearing on the reasonableness of a lawyer's conduct.

42. Fourth, the conduct of Mr. Riess and Ms. Lambert did not implicate Louisiana Rule of Professional Conduct 3.3 (requiring candor to the tribunal) because their conduct was not "knowing."

43. Fifth, the conduct of Mr. Riess and Ms. Lambert did not implicate Louisiana Rule of Professional Conduct 5.1 (addressing responsibilities of supervisory lawyers) because they did not have "direct supervisory authority" over Jones Fusell—rather Jones Fusell served as co-counsel representing a distinct client.

I, Dane S. Ciolino, declare under penalty of perjury in accordance with 28 U.S. Code § 1746(2) that the foregoing is true and correct. Executed within the United States on February 11, 2026.

_____

DANE S. CIOLINO

# DANE S. CIOLINO

LOYOLA UNIVERSITY NEW ORLEANS COLLEGE OF LAW
18 FARNHAM PL.
METAIRIE, LOUISIANA 70005

M: (504) 975-3263
DANE@DANECIOLINO.COM
WWW.DANECIOLINO.COM

## EDUCATION

TULANE UNIVERSITY LAW SCHOOL, *New Orleans, Louisiana*
    J.D., *magna cum laude*, 1988
    Editor in Chief, *Tulane Law Review*
    Order of the Coif
    Winner, Maritime Law Center Writing Competition

RHODES COLLEGE, *Memphis, Tennessee*
    B.A., *cum laude*, 1985
    Recipient, Political Science Department Award
    President, Sigma Alpha Epsilon Fraternity

## EMPLOYMENT

LOYOLA UNIVERSITY NEW ORLEANS COLLEGE OF LAW
    Alvin R. Christovich Distinguished Professor of Law, 2002-present
    Professor of Law, 2002
    Associate Professor of Law, 1998-2002 (Tenured 2001)
    Assistant Professor of Law, 1997-1998
    Visiting Assistant Professor of Law, 1995-1997
    Adjunct Professor of Law, 1992-1995

ETHICS REVIEW BOARD OF THE CITY OF NEW ORLEANS
    Executive Administrator, 2018-present
    General Counsel, 2015-present

LOUISIANA ASSOCIATION OF DEFENSE COUNSEL
    Associate Executive Director, 2009-2015, 2016-present
    Acting Executive Director, 2015-2016

UNIVERSITY OF LISBON, FACULTY OF LAW
    Visiting Professor of Law, 2018-2023 (United States Constitutional Law)

TULANE LAW SCHOOL
    Visiting Professor of Law, 2005, 2002, 2017, 2023

Ex. 1

DANE S. CIOLINO

STONE, PIGMAN, WALTHER & WITTMANN, LLC, *New Orleans, Louisiana*
    Associate, 1991-1995
    *Areas of Practice*: Commercial Litigation, Intellectual Property, Criminal Law

CRAVATH, SWAINE & MOORE, LLP, *New York, New York*
    Associate, 1989-1991
    Consultant, 2005-2006
    *Areas of Practice*: Commercial Litigation, Intellectual Property

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA
    Law Clerk to Honorable Peter H. Beer, 1988-89

## PUBLICATIONS

DANE S. CIOLINO, BOBBY HARGES & WENDY SHEA, LOUISIANA CRIMINAL LAW: CASES AND MATERIALS (2025)

ROBERT FORCE, DANE S. CIOLINO & JOSHUA S. FORCE, HANDBOOK ON LOUISIANA EVIDENCE LAW (West 2025)

DANE S. CIOLINO, LOUISIANA LEGAL ETHICS: STANDARDS & COMMENTARY (2022)

Dane S. Ciolino, *Harmonizing Ethics Rules and Adjudication Regulations with Advocacy Norms*, 36 GEO. J. OF LEGAL ETHICS 199 (2023)

Dane S. Ciolino, *Cloud Computing for Criminal Lawyers: It's Not the Future Anymore*, THE CHAMPION, Vol. XL, No. 10, December 2016, at 22

Louisiana Legal Ethics Weblog (http://lalegalethics.org/) (Dane S. Ciolino, ed. & admin.)

Dane S. Ciolino & Monica Hof Wallace, *Recodifying Emancipation: A Précis of the 2009 Revision of Louisiana Emancipation Law*, 56 LOYOLA L. REV. 135 (2010)

Dane S. Ciolino, *Managing the Perils of Lawyer Social Networking*, ABA SECTION OF LITIGATION, COMMITTEE ON ETHICS & PROFESSIONALISM, 2010 ANNUAL REVIEW (2010)

Sandra S. Varnado & Dane S. Ciolino, *Reconsidering Lawyers' Ethical Obligations in the Wake of a Disaster*, 19 THE PROFESSIONAL LAWYER 8 (2009)

DANE S. CIOLINO, LOUISIANA PROFESSIONAL RESPONSIBILITY LAW & PRACTICE (3d ed. 2007)

Dane S. Ciolino, *Lawyer Ethics Reform in Perspective: A Look at the Louisiana Rules of Professional Conduct Before and After Ethics 2000*, 65 LA. L. REV. 536 (2005)

Dane S. Ciolino, *Redefining Professionalism as Seeking*, 49 LOY. L. REV. 229 (2003)

Dane S. Ciolino & Erin A. Donelon, *Questioning Strict Liability in Copyright*, 54 RUTGERS L. REV. 351 (2002)

Dane S. Ciolino, *Why Copyrights Are Community Property (Sort Of): Through the* Rodrigue v. Rodrigue *Looking Glass*, 47 LOY. L. REV. 631 (2001)

Dane S. Ciolino, *Why Copyrights Are Not Community Property*, 60 LA. L. REV. 127 (1999)

Dane S. Ciolino, *Reconsidering Restitution in Copyright*, 48 EMORY L.J. 1 (1999)

Dane S. Ciolino, *Rethinking the Compatibility of Moral Rights and Fair Use*, 54 WASH. & LEE L. REV. 33 (1997)

Dane S. Ciolino, *The Mental Element of Louisiana Crimes: It Doesn't Matter What You Think*, 70 TUL. L. REV. 855 (1996)

Dane S. Ciolino, *Moral Rights and Real Obligations: A Property-Law Framework for the Protection of Authors' Moral Rights*, 69 TUL. L. REV. 935 (1995)

Dane S. Ciolino & Gary R. Roberts, *The Missing Direct-Tender Option in Federal Third-Party Practice: A Procedural and Jurisdictional Analysis*, 68 N.C.L. REV. 423 (1990)

Dane S. Ciolino, Casenote, Lafleur v. John Deere Co.*: Recovery of Nonpecuniary Damages in Redhibitory Actions*, 61 TUL. L. REV. 704 (1987)

# TEACHING

*Law School: Principal Courses*

> Lawyering III: The Legal Profession (legal ethics), Evidence, Trial & Appellate Advocacy, Criminal Law & Procedure

*Law School: Other Courses*

> Business Organizations I & II; Contracts I & II; Common Law Contracts for Civil Law Students; Comparative Law; Computer Law; Copyright Law; Criminal Law Clinic; Criminal Law Seminar; Constitutional Criminal Procedure; Civil Law of Persons; Civil Law of Community Property; Civil Law of Property; Introduction to Law and Legal Methods; Legal Ethics Seminar; International Copyright Law; Law & Poverty; Professional Seminar in Practical Lawyering; Professional Seminar in Storytelling; and, Introduction to United States Constitutional Law.

DANE S. CIOLINO

*Bar Review*

> Instructor, BAR/BRI Louisiana Bar Review Course (criminal law, evidence and criminal procedure), 2005-present
>
> Instructor, BAR/BRI Louisiana Bar Review Course (Louisiana property law, family law, community-property law), 1995-2005
>
> Instructor, BAR/BRI Bar Review Course (MPRE review), 2005-2018
>
> Instructor, LSU Law Center Bar Review Course (Louisiana family law), 1999-2002

## COMMUNITY SERVICE

> Member, American Law Institute, 2003-present
>
> Subject Matter Expert, National Conference of Bar Examiners, Multi-State Professional Responsibility Examination, 2018-present
>
> Legal Analyst, Various National, State and Local Media, 1998-present
>
> Member, Federal Criminal Justice Act Panel, United States District Court for the Eastern District of Louisiana (panel of attorneys accepting appointments to represent indigent defendants in federal prosecutions), 1991-present
>
> Instructor, Louisiana State Bar Association Diversionary Ethics School, 1999-2019
>
> Member, Louisiana State Bar Association Codes of Conduct Committee, 1998-2019
>
> Reporter, United States District Court for the Eastern District of Louisiana Committee on Revising Attorney Disciplinary Procedures, 2009-2011
>
> Lawyer Disciplinary Committee, United States District Court for the Eastern District of Louisiana
> > Chair, 2011-2016
> > Member, 2016-2017
>
> Board Member, Louisiana Organization for Judicial Excellence, 2004-2008
>
> Member, Ochsner Clinic Foundation, Bioethics Committee, 2009-2012
>
> Member, Louisiana State Bar Association Professionalism Committee, 1997-2008

DANE S. CIOLINO

Member, Louisiana State Bar Association Board of Governors, 2007-2009

Board Member, Orleans Parish Indigent Defender Program, 2006-2007

Reporter, Louisiana State Bar Association Ethics 2000 Committee, 1999-2004

Reporter, Louisiana State Law Institute Emancipation Committee, 2004-2008

Reporter, Louisiana State Law Institute Tutorship Procedure Committee, 2000-2009

Reporter, Louisiana State Law Institute Interdiction Committee, 1996-2002

Member, Louisiana Supreme Court Committee on the Prevention of Lawyer Misconduct, 1999-2003

Member, Louisiana State Law Institute Criminal Law Committee, 2006-2011

Interim Host, *It's the Law*, Cox Cable Television New Orleans and Jefferson, December 1999-2000

Louisiana State Bar Association, Ethics Advisory Committee
 Member, 2000-2003
 Reporter, 1997-2000

Council Member, Louisiana State Law Institute, 1997-2000

Louisiana Attorney Disciplinary Board
 Hearing Committee Member, 1998-1999
 Hearing Committee Chairperson, 1999-2003

Louisiana Supreme Court Bar Admissions Advisory Committee
 Member, 1997-1999
 Chairperson, 1999-2001

Director, Pro Bono Criminal Law for Civil Lawyers (two-day CLE seminar training civil lawyers to undertake pro bono criminal cases), 1995-2002

Advisory Editor, *Tulane Law Review*, 1993-2009

Member, Board of Directors, Louisiana Capital Assistance Center (public-interest organization defending capital cases for indigent clients), 1996-2006

Appointed Counsel, Orleans Parish Criminal District Court (pro bono representation of indigent defendants in first- and second-degree murder prosecutions), 1991-2008

Evaluator, American Bar Association, Central European Law Initiative, March 1999 (evaluated code of legal ethics for the Republic of Armenia)

# LOYOLA UNIVERSITY SERVICE

Faculty Advisor, *Loyola Law School Honor Board*, 2002-present

Petitions and Readmissions Committee
      Chairperson, 2015-2019, 2024-present
      Member 2023

Member, Curriculum Committee, 2019-present

Endowed Professorships Committee
      Chairperson, 2014-2017
      Member, 2002-present

Member, Library and Technology Committee, 2019-2020

Clinic, Skills, and CLE Committee
      Chairperson, 2016-2017
      Member, 2017-2019

Director, University of Vienna International Program, 2013-2017

Chairperson, Library and Technology Committee, 2013-2015

Director, International Programs, 2011-2012

Chairperson, International Programs Committee, 2011-2012

Member, Curriculum and Bar Examination Committee, 2011-2015

Faculty Advisor, *Loyola Law Review*, 1997-2003, 2006

Faculty Advisor, *Order of the Barristers*, 1998-2003

Faculty Advisor, *Loyola Intellectual Property Law Quarterly*, 1996-2002

Faculty Advisor, *Loyola ATLA Chapter*, 1997-2002

Law School Representative, Loyola University Senate, 1997-1999

Loyola Law School Dean Search Committee
    Chairperson, 2001-2002
    Member, 2000-2001

Chairperson, Loyola Law School Law Clinic Committee, 2005-2007

Chairperson, Loyola Law School Faculty Unification Committee, 2004

Chairperson, Loyola Law School Library Director Search Committee, 2000-2001

Member, Loyola University Distance Learning Committee, 2010-present

Member, Loyola Law School Technology Committee, 2010-2011

Member, Loyola Law School By-Laws Committee, 2000-2001

Member, Loyola Law School Pre-Admissions Committee, 1998-1999

Member, Loyola Law School Tenure Guidelines Committee, 1998-1999

Member, Loyola Law School Library Committee, 1997-1998

Member, Loyola Law School Skills Committee, 1997-1998

Member, Loyola Law School Curriculum Committee, 1996-1997

Member, Loyola Law School Admissions Committee, 1996-1997

Member, Loyola Law School Student Recruitment and Career Services Committee, 1995-1996

## COMMUNITY HONORS

*New Orleans Magazine* Top Lawyers, 2012-present

Recipient, Camille Gravelle Pro Bono Award, Federal Bar Association, New Orleans Chapter, 2007

Lawdragon 3000 (list of top American lawyers), 2006

Recipient, *Gambit Magazine*, Forty-Under-Forty Award, 2002

Recipient, Louisiana State Bar Association, President's Award, 2001

Recipient, *City Business Magazine*, Power Generation Award, 2000

DANE S. CIOLINO

Recipient, Gillis Long Poverty Law Center Public Service Award, 1997

# EXPERT WITNESS TESTIMONY[1]

1.  *Active Solutions, L.L.C. v. Dell, Inc.*, No. 2007-3665, Civil District Court for the Parish of Orleans, State of Louisiana

2.  *Adler v. Doyle (In re Woven Treasures, L.L.C.)*, 69 180 M 01493 07, American Arbitration Association

3.  *AmCareco, Inc. v. Lucksinger,* No. 499,737, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

4.  *Adamson v. Bailey*, No. 493,309, First Judicial District Court, Parish of Caddo, State of Louisiana

5.  *American Income Life Ins. Co. v. Nicholas Matthew Nitkowski et al.*, Civ. No. 05-2228(I-3), United States District Court Eastern District of Louisiana

6.  *Antoine v. Anding*, No. 125,803-H, Sixteenth Judicial District Court, Parish of Iberia, State of Louisiana

7.  *Asset Funding Group, L.L.C. v. Adams and Reese, L.L.P.,* Civ. No. 07-2965, United States District Court for the Eastern District of Louisiana

8.  *Baricuatro v. Industrial Personnel and Mgmt. Servs., Inc.*, Civ. No. 2:11-cv-02777-KDE-JCW, United States District Court for the Eastern District of Louisiana

9.  *Barton v. Butler*, No. 515,473, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

10. *Bayou Fleet Partnership, LLP v. MW Industrial Servs., Inc.*, No. 2018-12448(J-15), Civil District Court for the Parish of Orleans, State of Louisiana

11. *BCM, LLC and Nawlins Kajun Foods, LLC v. Cheatwood*, No. 2009-2807, Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana

12. *Bd. of Supervisors of La. State Univ. Agricultural & Mechanical Coll. v. Gerson*, No. 2011-2614(I), Civil District Court for the Parish of Orleans, State of Louisiana

---

[1]All matters in which Dane S. Ciolino has provided a public expert report, affidavit, deposition testimony or trial testimony. Does not include private ethics advisory opinions.

13. *Bd. of Supervisors of La. State Univ. Agricultural & Mechanical Coll. v. Southern Electronics Supply Co., Inc.*, No. 2011-1631(L), Civil District Court for the Parish of Orleans, State of Louisiana

14. *Bedford v. Magee*, No. 2000-14123, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

15. *Belle Terre Lakes Home Owners Assoc. v. Patricia McGovern*, No. 41922, Fortieth Judicial District Court for the Parish of St. John the Baptist, State of Louisiana

16. *Bertucci v. Lafayette Ins. Co.*, No. 01-0608, Civil District Court for the Parish of Orleans, State of Louisiana

17. *Beevers and Beevers, LLP v. Sirgo*, No. 624-259 "B," Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

18. *Bezou v. Archon Info. Sys., LLC*, Civ. No. 2022-12100, Twenty-Second Judicial District for the Parish of St. Tammany

19. *Billeaudeau v. Opelousas Gen'l Hosp.*, No. 13-C-0097-C, Twenty-Seventh Judicial District Court for the Parish of St. Landry, State of Louisiana

20. *Bilyeu v. Johanson Berenson, LLP*, Civil Action No. 1:08CV2006, United States District Court for the Western District of Louisiana, Alexandria Division

21. *Bize v. Larvadain*, No. 257,342-F, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

22. *Bledsoe v. Willis*, No. 5:21-cv-04367, United States District Court for the Western District of Louisiana, Shreveport Division

23. *Blue Fin Services, LLC v. Whittaker*, No. 2018-04228, Civil District Court for the Parish of Orleans, State of Louisiana

24. *Boudoin v. St. John the Baptist Parish School Bd.*, No. 2004-08242, Office of Workers' Compensation, State of Louisiana

25. *Bowes v. Clean Scene Servs., L.L.C.*, No. 661-147, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

26. *Bruszewski v. Motley Rice, LLC*, Civ. Action No. 5:12-cv-00046-JMH, United States District Court for the Eastern District of Kentucky, Lexington Division

27. *C4 General Contracting, LLC v. Neuromuscular Medical Association, LLC*, Case No. 2:23-cv-07041-GGG-MBN, United States District Court for the Eastern District of Louisiana

28. *Cameron Int'l Corp. v. Liberty Ins. Underwriters, Inc.*, 2:12-cv-00211 (E.D. La. filed Jan. 30, 2012)

29. *Campbell v. City of New Orleans*, No. 98-18633, Civil District Court for the Parish of Orleans, State of Louisiana

30. *Cannon v. Metairie Towers Condo. Assoc., Inc.*, No. 839-979, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

31. *Cantu v. Gray Ins. Co.*, No. 745-245, Twenty-Fourth Judicial District Court for the Parish of Jefferson

32. *Capstone Associated Services, Ltd., v. Sullivan*, AAA Arbitration Before Arbitrator Mark Classer (AAA 2020).

33. *Cardiovascular Care Group, Inc. and CCG of Louisiana, LLC v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. 14288-004, Arbitration Proceeding Before Arbitrator Daniel J. Balhoff

34. *Caro Properties A., L.L.C. v. Person*, No. 09-13059 (J-5), Civil District Court for the Parish of Orleans, State of Louisiana

35. *Carlisle v. Newell Normand, Sheriff and Administrator of the Jefferson Parish Correctional Center*, Civ. Action No. 16-3767, United States District Court for the Eastern District of Louisiana.

36. *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. 09-6623 (D-4), United States District Court for the Eastern District of Louisiana

37. *Chalmette Payment Processing, L.L.C. v. Munson*, Civ. No. 03-1060, United States District Court for the Eastern District of Louisiana

38. *Chan's, Inc., d/b/a Mikimoto v. Henderson*, No. 2015-6555 (I-14), Civil District Court for the Parish of Orleans, State of Louisiana

39. *Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, LLP, and The King Firm*, LLC, No. 820-224, Twenty-Fourth Judicial District Court for the Parish of Jefferson

40. *Chevron U.S.A., Inc. v. State of Louisiana, Louisiana State Mineral Bd. and Louisiana Dept. of Natural Resources*, No. 93,658, Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana

41. *Childress v. Childress*, No. 488-388, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

42.    *Cleveland v. Houston Specialty Ins. Co.*, No. 679,088, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

43.    *Coleman v. Jefferson Parish Sewerage and Water Board*, No. 794-744, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

44.    *Conwill v. Greenberg Traurig, L.L.P.*, Civ. Action No. 11-938 (KDE), United States District Court for the Eastern District of Louisiana

45.    *Cordova v. La. State Univ. Health Science Ctr.*, Civ. Action No. 6:19-CV-01027, United States District Court for the Western District of Louisiana, Lafayette Division

46.    *Crinel v. Roby*, No. 2015-5698 (F-7), Civil District Court for the Parish of Orleans, State of Louisiana

47.    *Croft v. Liberty Mut. Ins. Co.*, Docket No. 581732, Nineteenth Judicial District Court for the Parish of East Baton Rouge

48.    *Crooks v. State of Louisiana, Through the Louisiana Department of Natural Resources*, No. 224,262, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

49.    *Dan S. Collins, CPL & Associates v. Godchaux*, No. 84618, Fifteenth Judicial District Court for the Parish of Vermillion, State of Louisiana

50.    *Dean v. St. Mary Emergency Group, LLC*, No. C-2015-5856-F, Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana

51.    *Dejean v. Koch*, No. C20093931, Superior Court of the State of Arizona, County of Pima, State of Arizona

52.    *Deltide Fishing and Rental Tools, Inc. v. Keaty*, No. 680,838, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

53.    *Denison Supply Group, LLC v. Michel*, No. 16-1971, Civil District Court for the Parish of Orleans, State of Louisiana

54.    *Domingue v. Salomon Smith Barney, Inc. & Coughlin*, No. 01-03076, NASD Dispute Resolution Arbitration, New Orleans, Louisiana

55.    *Donnell v. Henderson, Reilly, Boudreaux & Schoonenberg, APLC*, No. 178902, Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana

56.    *Donovan Marine, Inc. v. Travelers Indemnity Co. of Illinois*, Civ. Action No. 09-4374 (S-3), United States District Court for the Eastern District of Louisiana, New Orleans, Louisiana

DANE S. CIOLINO

57.    *Dougherty v. Haag*, No. 05-06993, Superior Court for the County of Orange, State of California

58.    *Douvio v. State Farm Mut. Ins. Co.*, No. 2019-0632(G), Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

59.    *Doyle v. ICNA*, Civil District Court for the Parish of Orleans, State of Louisiana

60.    *Dunahoe v. Rogers*, No. 85704(A), Tenth Judicial District Court for the Parish of Natchitoches, State of Louisiana

61.    *Dysart & Tabary LLP v. Finckbeiner*, No. 15-0597 "A," Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana

62.    *East Jefferson General Hospital v. Stein*, No. A-081709-773, AHLA Arbitration Service, Parish of Jefferson, State of Louisiana

63.    *Edmonds v. Williamson*, No. 2002-CV-42-R, Circuit Court of Kemper County, State of Mississippi

64.    *Ensco Offshore, LLC v. Cantium, LLC*, No. 2:24-CV-00371, United States District Court for the Eastern District of Louisiana

65.    *Eventus, LLC v. Neuroscience & Pain Institute, LLC*, Claim No. 2532, American Health Lawyers Association Alternative Dispute Resolution Service, New Orleans, Louisiana

66.    *Federal Deposit Ins. Corp. as Receiver for First NBC Bank v. Belcher*, No. 2:19-cv-12561, United States District Court for the Eastern District of Louisiana

67.    *Federal Deposit ins. Corp. as Receiver for First NBC Bank v. Ernst & Young, LLP*, No. 2:20-cf-01259, United States District Court for the Eastern District of Louisiana

68.    *Felham Enterprises (Cayman) Ltd. v. Certain Underwriters at Lloyd's, London Companies, Zurich American Ins. Co., Marine Office of Am. Corp. & Trinity Yachts, Inc.*, No. 02-3588, United States District Court for the Eastern District of Louisiana

69.    *Foley & Lardner, LLP v. Kenneth G. Daniels, LLC*, Adv. No. 05-01003, United States Bankruptcy Court for the Middle District of Louisiana

70.    *Fontentot v. Gilchrist Construction Co., LLC*, No. C-2012-146, Thirty-Third Judicial District Court, Parish of Allen, State of Louisiana

71.    *Forbes v. St. Martin*, Civ. Action No. C2401 01 1745(2), Chancery Court, First Judicial District Court, Harrison County, Mississippi

72.    *Forbis v. Int'l Health Care Properties, X, Ltd.*, 97-CI-03198, Jefferson Circuit Court, State of Kentucky

DANE S. CIOLINO

73. *Franklin v. Regions Bank*, Civ. Action No. 5:16-CV-01152, United States District Court for the Western District of Louisiana

74. *Furie Petroleum Co., L.L.C. v. Tower Hill Energy Co., L.L.C.*, No. 09-927, United States District Court for the Western District of Louisiana, Shreveport Division

75. *G&E HC Reit II Lafayette Rehabilitation Hospital, LLC v. Lafayette Physical Rehabilitation Hospital, LLC*, No. 6:20-cv-1353, United States District Court for the Western District of Louisiana, Lafayette Division

76. *Galloway v. Diefenthal Holdings, L.L.C.*, No. 2016-13306, Twenty Second Judicial District Court for the Parish of St. Tammany

77. *Gaspard v. Provensal*, No. 2012-11939, Civil District Court for the Parish of Orleans, State of Louisiana

78. *Gauthier, Houghtaling & Williams L.L.P. v. Safeguard Storage Properties LLC*, Civ. Action No. 08-0627 (H), Civil District Court for the Parish of Orleans, State of Louisiana

79. *GE Oil & Gas, Inc. v. Turbine Generation Servs., LLC*, No. 652296/2015, Supreme Court of the State of New York, County of New York, State of New York

80. *George v. Christus Health Southwestern Louisiana*, No. 2011-002211, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

81. *Gill v. Becnel*, No. G2001-1199 R/1, Chancery Court for the First Judicial District, Hinds County, State of Mississippi

82. *Glynn v. Sylvester*, No. 228080, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

83. *Greenspoon Marder, P.A. v. Andry Law Firm, LLC*, Civ. Action No. 2:13-cv-05509-MLCF-JCW, Section F, United States District Court for the Eastern District of Louisiana

84. *Gulf Production Co., Inc. v. Hoover Oil Field Supply, Inc.*, No. 08-5016, United States District Court for the Eastern District of Louisiana

85. *Gulfport Ob-Gyn, P.A. vs. Dukes, Dukes, Keating & Faneca, P.A.*, Civ. Action No. A2401-16-193, Circuit Court of Harrison County, First Judicial District, State of Mississippi

86. *Hadwin v. ABC Ins. Co.*, No. 2022-0341-F, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

87. *Harry Bourg Corp. vs. Exxon Mobil Corp.*, No. 140,749 ("E"), Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana

88.  *Hartline v. Chaffe McCall, LLP*, No. 2021-03548, Civil District Court for the Parish of Orleans, State of Louisiana

89.  *Haynes v. Williamson*, No. 3:05cv186-HTW-JCS, United States District Court for the Southern District of Mississippi, Jackson Division

90.  *Hazlett v. Wilson*, No. 2010-17707, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

91.  *Hebert v. Avery*, No. 2001-16561, Civil District Court for the Parish of Orleans, State of Louisiana

92.  *Hodges v. Reasonover*, No. 2011-3391(N), Civil District Court for the Parish of Orleans, State of Louisiana

93.  *Hotel Investors, LLC v. State of Louisiana, Department of Transportation and Development*, No. 704-195 "M", Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana

94.  *Humphrey v. L.C. Hearne*, No. 600,108 (C), First Judicial District Court for the Parish of Caddo, State of Louisiana

95.  *Hunter & Blazier v. Logan*, No. 2007-1873, Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana

96.  *Hydroflame Production, L.L.C. v. Hydroflame Technologies, L.L.C.,* No. 2011-3095(K), Civil District Court, Parish of Orleans, State of Louisiana

97.  *In re American International Refinery, Inc.,* No. 04-21331, United States Bankruptcy Court, Western District of Louisiana, Lake Charles Division

98.  *In re Arbitration Of Counsel Fee Allocation for Tangipahoa Flood of 1983*, No. 71408, Twenty-Fourth Judicial District Court, State Of Louisiana

99.  *In re E.H. Mitchell & Co., LLC*, Civ. Action No. 14-959 (H-5), United States District Court for the Eastern District of Louisiana

100.  *In re LMCHH PCP, LLC*, No. 17-10353-JAB ("B"), United States Bankruptcy Court for the Eastern District of Louisiana

101.  *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, United States District Court for the Eastern District of Louisiana

102.  *In re The Matter of Taira Lynn Limited No. 7, LLC, as Owner of the M/V Ricky J. Leboeuf*, Civ. Action No. 2:16-cv-0367, United States District Court for the Eastern District of Louisiana

103.    *In re Thomas J. Hogan, Jr.*, No. 16-DB-055, Louisiana Attorney Disciplinary Board, State of Louisiana

104.    *In re Impeachment of United States District Judge G. Thomas Porteous, Jr.*, The Senate of the United States (no docket number)

105.    *In re Oestreicher*, No. 12-DB-083, Louisiana Attorney Disciplinary Board, State of Louisiana

106.    *In re Petition to Accord Immigrant Classification to Timothy Gray Cameron, Esq., as an Alien of Extraordinary Ability*, United States Department of Homeland Security, United States Citizenship and Immigration Services

107.    *In re Confidential Respondents*, 04-DB-005, Louisiana Attorney Disciplinary Board

108.    *In re Succession of Marion Roberts*, No. 96-2904(F), Civil District Court for the Parish of Orleans, State of Louisiana

109.    *In re Zyprexa Products Liability Litigation*, MDL No. 1596, United States District Court for the Eastern District of New York

110.    *Interpleader Law, LLC v. Howard*, Association of Professional Arbitrators and Mediators, LLC, Filed January 29, 2019, Baton Rouge, Louisiana

111.    *Jones v. Behan*, Civ. Action No. 631163, First Judicial District Court, Parish of Caddo, State of Louisiana

112.    *Jones v. Lagarde*, No. 2016-11075, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

113.    *LA Carriers, LLC v. Talisman Casualty Ins. Co.*, No. C-150834(E), Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana

114.    *La Casa Castro, S.A. de C.V. v. Greenberg Traurig, P.A., Roberto Martinez and Pedro J. Martinez-Fraga*, Civ. Action No. 09-6663(F-2), United States District Court for the Eastern District of Louisiana

115.    *Landry v. Pediatric Services of America, Inc.*, No. 2016-2251 "G", Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana

116.    *Lentz v. Schulze*, No. 2:16-CV-07299, United District Court for the Eastern District of Louisiana

117.    *Leon v. Wilson*, No. 96-14608(F), Civil District Court for the Parish of Orleans, State of Louisiana

118.  *Liberty Mutual Ins. Co. v. Jotun Paints, Inc. & Jotun, Inc.*, Civ. Action No. 07-3114, United States District Court for the Eastern District of Louisiana

119.  *Logan v. Hit or Miss, L.L.C.*, Civil Action No. 6:07-CV-1116 LO, United District Court for the Western District of Louisiana

120.  *Louisiana Crisis Assistance Ctr. v. Marzano-Lesnevich*, Civ. Action No. 11-2102-SSV-SS, United States District Court for the Eastern District of Louisiana

121.  *Louisiana State Bar Association v. Carr and Associates, Inc.*, No. 2006-14440, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

122.  *Magnificent Eight, LLC v. First NBC Bank, Inc.*, Civ. Action No. 13-5713 c/w 13-5714, United States District Court for the Eastern District of Louisiana

123.  *Marshall v. Marshall (In re Peroxisome Trust)*, No. 2015-4582, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

124.  *Mascorro v. Schulz*, No. 2014-12140, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

125.  *Maxim v. Progressive Security Ins. Co.*, No. 229-677-G, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

126.  *Michael G. Stag, L.L.C. v. Stuart H. Smith, L.L.C.*, No. 18-3425, United States District Court for the Eastern District of Louisiana

127.  *Minor v. The TJX Cos., Inc.*, No. 772-199(B), Twenty-Fourth Judicial District Court for the Parish of Jefferson

128.  *Mire v. American Multi-Cinema, Inc.*, Civ. Action No. 14-cv-02582-MVL-DEK, United States District Court for the Eastern District of Louisiana

129.  *Molaison v. Lukinovich*, No. 623-026 (C), Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana

130.  *Montgomery v. St. Tammany Parish Gov't*, No. 2016-11530(J), Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

131.  *NASDI, LLC v. Bertucci Contracting Co., LLC.*, No. 719944(A), Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

132.  *Nolaluna, LLC v. Crosby*, No. 2017-04216(E), Civil District Court for the Parish of Orleans, State of Louisiana

133.  *Nolan v. Benda*, No. 685592, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

DANE S. CIOLINO

134.    *O'Connell v. Wyatt, Tarrant & Combs, LLP,* No. 12-CI-000863, Jefferson Circuit Court, State of Kentucky

135.    *Ohle v. Rinck,* No. 2014-6537, Civil District Court for the Parish of Orleans, State of Louisiana

136.    *Ohmer v. Farm Bureau Ins. Co.*, No. 113555 "D", Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana

137.    *Oliver v. Orleans Parish School Board,* No. 2005-12244 (N), Civil District Court, Parish of Orleans, State of Louisiana

138.    *Opelousas General Hospital Authority v. Louisiana Health Service & Indemnity*, No. 16-C-3647, Twenty-Seventh Judicial District Court for the Parish of St. Landry

139.    *Oreck Direct, LLC v. Dyson, Inc.*, Civ. Action No. 07-2744, United District Court for the Eastern District of Louisiana

140.    *Orion Media, LLC v. PMH Investment Fund, LLC*, No. 2020-2377-K, Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana

141.    *Ortiz v. MeadWestvaco Corp.*, No. 2009-0278, Thirty-Sixth Judicial District Court for the Parish of Beauregard, State of Louisiana

142.    *PAI Engineering Piping Analysis, Inc. v deGravelles, Palmintier, Holthaus & Fruge, LLP*, No. 655,173(D), Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana

143.    *Pearce v. Lagarde*, No. 2014-13656(G), Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

144.    *Pedersen v. Howard*, No. 2025-03724(B), Civil District Court for the Parish of Orleans, State of Louisiana

145.    *Pentecost v. Grassi, McKeithen, Ryland & Champagne*, Civil No. 19-2913-C4, Fourth Judicial District Court in the Parish of Ouachita, State of Louisiana

146.    *Perrone v. Rogers*, No. 2014-10589-C, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

147.    *Pitre v. Continental Casualty Co.*, No. 615-979(J), Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

148.    *Pittle v. McGlynn*, No. 09-620-JJB-SCR, United States District Court for the Middle District of Louisiana

149. *Planet Beach Franchising Corp. v. Fisher & Zucker, L.L.C.*, Nos. 11-CV-915 & 11-CV-02146 (MLCF), United States District Court for the Eastern District of Louisiana

150. *Powderhorn Investments, LLC v. Third Coast Insurance Co.*, No. 2:21-cv-00269, United States District Court for the Western District of Louisiana, Lake Charles Division

151. *Powko Industries, L.L.C. v. Folse*, No. 3:15-cv-0038-BAJ-SCR, United States District Court for the Middle District of Louisiana

152. *Provosty v. ARC Construction, LLC*, No. 08-3671 "J", Civil District Court for the Parish of Orleans, State of Louisiana

153. *Ramelli Janitorial Serv., Inc. v. IV Waste, LLC*, No. 2020-03606, Civil District Court for the Parish of Orleans

154. *Raymond Stafford v. Walter J. Stanton, III, David Deberardinis, and Financial Resources, LLC*, No. 17-CV-00262, United States District Court for the Western District of Louisiana

155. *Read v. Read*, No. 2000-15283(E), Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

156. *Reuther v. Smith*, No. 2001-18124, Civil District Court for the Parish of Orleans, State of Louisiana

157. *Reynolds v. Voelkel*, Civ. Action No. :16-CV-06984-JCZ-KWR, United States District Court for the Eastern District of Louisiana

158. *Rubin v. XYZ Ins. Co.*, No. 18-7228(I-14), Civil District Court for the Parish of Orleans, State of Louisiana

159. *Robichaux v. Dow Chemical Co.*, No. 96-8461, Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana

160. *Ryan v. O'Reilly, et al.*, No. 2023-0000338, 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana

161. *Sanders v. Gilbert*, No. 2019-916(G), Civil District Court for the Parish of Orleans, State of Louisiana

162. *Schiff v. Pugh*, No. 2014-03864, Civil District Court for the Parish of Orleans, State of Louisiana

163. *Scott v. The American Tobacco Co., Inc.*, No. 96-8461, Civil District Court for the Parish of Orleans, State of Louisiana

164.   *Sessions, Fishman, Nathan & Israel, L.L.P. v. Halpern*, No. 2010-533, Civil District Court for the Parish of Orleans, State of Louisiana

165.   *Sewell v. Sewerage & Water Bd. of New Orleans*, No. 2015-04501, Civil District Court for the Parish of Orleans, State of Louisiana

166.   *Shane v. Frost Brown Todd, LLC*, No. 08-CI-10428, Jefferson Circuit Court, Division Eight, State of Kentucky

167.   *Shinn Enterprises, Inc. & GIS Sports of Nevada, Inc. v. Capella*, No. 2005-12352, Civil District Court for the Parish of Orleans, State of Louisiana

168.   *Sigma Delta, L.L.C. v. Eric R. George, M.D.,* Civ. No. 07-5427, United States District Court for the Eastern District of Louisiana

169.   *Smith v. Kaplan & Lukowski, LLP & Jay D. Lukowski* (pre-suit affidavit).

170.   *Somerset Pacific, LLC v. Tudor Ins. Co.*, No. 17-7099 "H-3", United States District Court for the Eastern District of Louisiana.

171.   *Spahr v. Dallam*, No. 98-5840, Civil District Court for the Parish of Orleans, State of Louisiana

172.   *Southern Scrap Material Co., L.L.C. v. Fleming*, Civ. No. 01-2544, United States District Court for the Eastern District of Louisiana

173.   *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., L.L.C.*, No. 116-860(E), Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana

174.   *St. Tammany Parish School Bd. v. Hartford Cas. Ins. Co.*, No. 2012-12891(C), Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

175.   *Standfield v. St. Ann Lodging, LLC*, Civ. Action No. 18-CV-01555-SSV-MBN, United States District Court for the Eastern District of Louisiana

176.   *Stanley v. Trinchard*, Civ. No. 02-1235, United States District Court for the Eastern District of Louisiana

177.   *State of Louisiana v. Taryn Blume*, No. 522905, Criminal District Court for the Parish of Orleans, State of Louisiana

178.   *State of Louisiana v. Barrett L. Boeker,* No. 21-FLN-947, Twentieth Judicial District Court for the Parish of West Feliciana, State of Louisiana

179.   *State of Louisiana v. Miqueghele Brown*, No. 533046, Criminal District Court for the Parish of Orleans, State of Louisiana

180. *State of Louisiana ex rel. Dorsey v. Vannoy*, No. 251-406, First Judicial District Court for the Parish of Caddo, State of Louisiana

181. *State of Louisiana v. Danny Galindo*, No. 455-170 (F/L), Criminal District Court for the Parish of Orleans

182. *State of Louisiana v. Warren Harris*, No. 288-271 (C), Criminal District Court for the Parish of Orleans, State of Louisiana

183. *State of Louisiana v. Khristopher Kyzar*, No. 11-05-0461, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

184. *State of Louisiana v. Ricky Langley*, No. 10258-02, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

185. *State of Louisiana v. Scott Lingle*, No. 288-356 (I), Criminal District Court for the Parish of Orleans, State of Louisiana

186. *State of Louisiana v. Robert "Bob" Odom*, No. 08-02-547, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

187. *State of Louisiana v. David Peralta*, No. 553759 "G", Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

188. *State of Louisiana v. Terryance Russel*, No. 375-503, Criminal District Court for the Parish of Orleans, State of Louisiana

189. *State of Louisiana v. Robert Wilkins*, No. 04-19337, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

190. *State Oil Fuel Center, Inc. v. Nitro Gaming, Inc*., No. 62-971(B), Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana

191. *St. Blanc v. Stabile*, No. 67,871, Twenty-Ninth Judicial District Court for the Parish of St. Charles, Div. E, State of Louisiana

192. *Sturlese v. J.B. Jones, Jr.*, No. 10-16390, Thirty-Eighth Judicial District Court, Parish of Cameron, State of Louisiana

193. *Succession of Marguerite Nell Riggs Griffin*, No. 646-584, Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana

194. *Succession of Edward Albert O'Neal and Virginia Graziano O'Neal*, No. P-103877, Nineteenth Judicial District Court for the Parish of East Baton Rouge

195. *Sullivan v. The Feldman Law Firm LLP*, Arbitration Before Stanwood Duval Jr. (2021)

196.   *Sutton v. Phelps Dunbar, LLP*, No. 2023-04739, Civil District Court for the Parish of Orleans, State of Louisiana

197.   *Swivel Rental & Supply, LLC v. Petro Pull, LLC*, Civ. Action No. 6:18-01141, United States District Court for the Western District of Louisiana

198.   *Tapp v. Leonard L. Levenson & Associates*, No. 2009-01787, Civil District Court for the Parish of Orleans, State of Louisiana

199.   *Temple v. Crescent City Gates Fund, L.P.*, No. 09-9508 (H-12), Civil District Court for the Parish of Orleans, State of Louisiana

200.   *Territa v. Oliver*, No. 2:11-cv-01830, United States District Court for the Eastern District of Louisiana

201.   *Tessier v. Moffatt*, No. 98-CV-00116, United States District Court for the Eastern District of Louisiana

202.   *Tierney v. Butler*, No. 69-1777(E), Twenty-Ninth Judicial District Court for the Parish of St. Charles, State of Louisiana

203.   *Travelers Prop. Casualty Co. of Am. v. Bossier*, Civ. Action No. 14:cv-02176, United States District Court for the Eastern District of Louisiana

204.   *Turner v. Salim*, Civil Suit No. 91058-B, Tenth Judicial District Court for the Parish of Natchitoches

205.   *United States v. Edwin Edwards*, Crim. No. 98-165-B-M2, United States District Court for the Middle District of Louisiana

206.   *United States v. Jesse H. Roberts*, Cirm. Action No. 15-cr-0020-JWD-SCR, United States District Court for the Middle District of Louisiana

207.   *United States ex rel. William St. John LaCorte v. Merck & Co., Inc.*, No. 99-03807, United States District Court for the Eastern District of Louisiana

208.   *United States ex rel. William St. John LaCorte v. Wyeth Pharmaceuticals, Inc.*, No. 06-CV-11724-DPW, United States District Court for the District of Massachusetts

209.   *Usner v. Bagert*, No. 10-5479 (K-5), Civil District Court for the Parish of Orleans, State of Louisiana

210.   *Usner v. Carol A. Newman, APLC*, No. 09-08223, Civil District Court for the Parish of Orleans, State of Louisiana

211.   *Verret v. State Farm Fire and Casualty Co.*, Civ. Action No. 2:13-cv-5596-LMAJCW, United States District Court for the Eastern District of Louisiana

212.  *Villarrubia v. Franz*, Civil No. 791-538, Twenty-Fourth Judicial District Court for the Parish of Jefferson

213.  *Waggoner v. Williamson*, No. 03-KV-0151-J, Circuit Court of Adams County, State of Mississippi

214.  *Walker v. AMID/Metro Partnership, LLC*, No. 2007-14794, Civil District Court for the Parish of Orleans, State of Louisiana

215.  *Walker v. Harris*, No. 53694, Div. 22, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

216.  *Washington v. Williamson*, No. 251-05-112 CIV, Circuit Court of Hinds County, State of Mississippi

217.  *Waste Management of Louisiana, L.L.C. v. Penn-America Insurance Co.*, No. 2006-2452, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

218.  *Watkins v. Wicker*, No. 2020-11230, Civil District Court for the Parish of Orleans

219.  *Wicker v. Heinrich*, No. 2010-3647, Civil District Court for the Parish of Orleans, State of Louisiana

220.  *Williams v. The Administrators of the Tulane Educational Fund*, Civil Action No. 99-20650 c/w 06-1915, Civil District Court for the Parish of Orleans, State of Louisiana

221.  *Williams v. Williamson*, No. 4:03-CV-88LN, United States District Court for the Southern District of Mississippi

222.  *Wiener, Weiss & Madison, APLC v. Kantrow, Spaht, Weaver & Blitzer, APLC v. Fox*, No. 5:16-cv-850-SMH-KLH, United District Court for the Western District of Louisiana

223.  *Woodward Harbor, LLC v. City of Mandeville*, Civ. Action No. 23-cv-05824, United States District Court for the Eastern District of Louisiana

224.  *Wylie Corp. v. Baby Oil, Inc.*, No. 0169735 C, Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana

225.  *XL Specialty Insurance Co. v. Bollinger Shipyards, Inc.*, Civ. Action No. 12-2071, R-2, United States District Court for the Eastern District of Louisiana

226.  *Zaunbrecher v. Garrity*, No. C-20130168 C, Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana

227.  *Zloop, Inc. v. Phelps Dunbar, LLP*, No. 6:18-cv-00031-UDJ-PJH, United States District Court for the Western District of Louisiana

DANE S. CIOLINO

228. *Willard Johnson v. Gordon McKernan Injury Attorneys, L.L.C., et al.*, No. C-749595, Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana

## OTHER

*Personal*

Age 61

Married to Wendy Dehan Ciolino

Children: Hale, Price & Camille

*Bar Admissions*

Supreme Court of the United States
State of Louisiana
State of New York
United States Court of Appeals for the Fifth Circuit Court
United States District Court for the Eastern District of Louisiana (New Orleans)
United States District Court for the Middle District of Louisiana (Baton Rouge)
United States District Court for Western District of Louisiana (Shreveport)
United States District Court for the Southern District of New York (New York)

*Dated*: Thursday, February 12, 2026