UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WOODWARD HARBOR L.L.C., ET AL.   *   CIVIL ACTION NO. 23-5824
                                       *

VERSUS                           *   SECTION: "O"(1)
                                       *

                                       *   JUDGE BRANDON S. LONG

CITY OF MANDEVILLE, ET AL.      *
                                       *   MAGISTRATE JUDGE
                                       *   JANIS VAN MEERVELD

***********************************  *

REPORT AND RECOMMENDATION

This is a regulatory-takings case in which a landowner and developer claim that the city and one of its councilmembers violated their constitutional rights in failing to approve their proposed development plan. Plaintiffs' claims have been dismissed for failure to state a claim. Defendants now move for attorney's fees.[1] Meanwhile, plaintiffs have appealed the dismissal of their claims. Because judicial economy favors deferral of the motions pending the appeal,

IT IS RECOMMENDED that the Motions for Attorneys' Fees (Rec. Doc. 107, 108) be DENIED without prejudice to renewal within 14 days after the Fifth Circuit's judgment is issued as mandate.

## Background

Plaintiff LSU Health Foundation New Orleans owns certain property along the shores of Lake Pontchartrain in Mandeville, Louisiana. Plaintiff Woodward Harbor L.L.C. leases the property and sought to develop it with a hotel, apartments, a restaurant, and boat marina. On behalf of LSU, Woodward proposed an ordinance for the City Council for the City of Mandeville to consider to rezone the property and grant a conditional use permit to develop the site. After nine public hearings, described by the plaintiffs as featuring "uncontrollable, irrational debate" with

---

[1] The District Court referred the Motions for Attorney's Fees to the undersigned. Rec. Doc. 123.

1

councilmember Jason Zuckerman leading an unrestrained opposition, the five member Mandeville City Council unanimously voted against the ordinance.

LSU and Woodward proceeded to file the present lawsuit against the City of Mandeville and Mr. Zuckerman, seeking a declaration that the proposed development plans are appropriate and allowable under Mandeville's laws or, alternatively, a declaration that Mandeville violated Louisiana Open Meeting Laws, that the review process violated their constitutional right to procedural due process, that Mr. Zuckerman improperly calculated density contrary to Mandeville's Comprehensive Land Use Regulations Ordinance ("CLURO"), and that CLURO is unconstitutionally overbroad, vague, and ambiguous. They asserted federal and state regulatory-takings claims, a substantive due process claim, a procedural due process claim, an equal protection claim, and claims under 42 U.S.C. § 1983.

Defendants appeared and filed motions to dismiss. The District Court granted Mr. Zuckerman's motion, finding he is entitled to qualified immunity. Rec. Doc. 69. The District Court granted Mandeville's motion in part,[2] dismissing plaintiffs' regulatory-takings claims, due process claims, and the related § 1983 claims. Rec. Doc. 70. Plaintiffs' equal protection claim (which Mandeville had not sought to dismiss) and the related § 1983 claims survived.

A couple of months later, Mandeville filed a motion to dismiss plaintiffs' remaining claims. The District Court granted the motion and entered judgment in favor of the defendants. Rec. Docs. 101, 102. Both defendants move separately for an award of attorneys' fees under 42 U.S.C. § 1988. This statute provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Although there is a presumption that a prevailing plaintiff will be granted its attorneys' fees, a prevailing defendant

---

[2] The District Court denied Mandeville's motion to dismiss for lack of subject matter jurisdiction in its entirety. Rec. Doc. 70.

may be awarded its attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434 U.S. 412, 421 (1978); see Vaughner v. Pulito, 804 F.2d 873, 878 (5th Cir. 1986).

Law and Analysis

Although the Court retains discretion to determine a motion for attorneys' fees while an appeal is pending, it is not required to resolve it at this time. Indeed, the advisory committee on the Federal Rules of Civil Procedure instructs: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. Proc. 54 advisory committee's note to 1993 amendment. Thus, in some cases, deferral may be appropriate. See Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc., 850 F.2d 1286, 1312 (8th Cir. 1988), amended, 878 F.2d 1118 (8th Cir. 1989) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on attorney's fees and costs pending appeal."); Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp., No. 4:07-CV-194-A-V, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013) (denying a motion for attorneys' fees without prejudice to renewal following resolution of the appeal); Malik & Sons, LLC v. Circle K Stores, Inc., No. CV 15-6938, 2017 WL 2455648, at *4 (E.D. La. May 22, 2017), report and recommendation adopted, No. CV 15-6938, 2017 WL 2444885 (E.D. La. June 6, 2017) (recommending a motion for attorneys' fees be denied without prejudice subject to renewal following resolution of the appeal).

Here, the undersigned ordered the parties to address the issue of deferral in supplemental briefing. Plaintiffs argue that deferral is appropriate because judicial economy favors delay.

3

Defendants argue there is no compelling reason to delay, and they insist that the Court's review of the motion at this time will be streamlined because only 70 pages of bills are at issue, many of which plaintiffs did not contest. They add that the Court's recollection of this case will be fresher if the motion is resolved now.

The undersigned finds that deferral is appropriate in this case. The present motions raise two issues: whether plaintiffs' claims were frivolous such that attorneys' fees may be awarded to the defendants and, if fees are awarded, what is a reasonable fee. These questions must be answered separately for each defendant. And calculation of a reasonable fee is no small matter: Mr. Zuckerman seeks $42,926.18 in fees and Mandeville seeks $231,844.38. Importantly, the resolution of the appeal will impact this Court's consideration of these questions. Obviously if the appeal is granted and the Court's judgment is reversed, a fee award will not be available at this time. The Court's consideration of the frivolity of plaintiffs' claims and the Court's calculation of a reasonable fee will have been for naught. Even if the Fifth Circuit affirms, its assessment of the merits of the appeal may guide the Court's frivolity analysis. Moreover, if the judgment is affirmed, this Court will be able to consider defendants' attorneys' fees related to the appeal at the same time it considers the fees incurred in proceedings before this Court.

Defendants submit that it would actually serve judicial economy if the attorneys' fee issue were decided in time to consolidate the ruling with the appeal. The undersigned disagrees. First, as plaintiffs point out, with briefing on the appeal due in August, there may not be enough time for the undersigned to assess the requests and for the District Court to consider the Report and Recommendation and any objections thereto. If anything, any attempt to join an appeal of the fee ruling to the current appeal is likely to delay the appeal. Meanwhile, the parties would have to undergo the expense of appeal briefing on the frivolity issues and, potentially, the fee calculation

issues, even if the Fifth Circuit ends up reversing the judgment—an exercise that would be unnecessary if this Court defers.

As to the Court's ability to recollect the proceedings, as plaintiffs point out, the undersigned was not involved with any of the proceedings. And, in any event, the proceedings are evident from the record that includes the briefing and transcripts of the minimal hearings held in this case.

Under the circumstances here, the undersigned finds that judicial economy is better served by deferred resolution of the motions for attorneys' fees until the appeal is resolved. Accordingly,

IT IS RECOMMENDED that the Motions for Attorneys' Fees (Rec. Doc. 107, 108) be DENIED without prejudice to renewal within 14 days after the Fifth Circuit's judgment is issued as mandate.

### OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 1st day of June, 2026.

_____
Janis van Meerveld
United States Magistrate Judge

5